UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MILTON SAMUELS,

    Petitioner,

v.

DAVID ORTIZ,

    Respondent.

Civ. No. 18-10133 (RBK)

**MEMORANDUM OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner Milton Samuels ("Petitioner"), an inmate incarcerated at FCI Fort Dix, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, purporting to challenge a forfeiture judgment against him. (ECF No. 1). The Court has examined the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b).[1] For the following reasons, the Court will deny the Petition with prejudice.

The Court will construe the allegations in the Petition as true for the purpose of this Opinion. The Court gleans from the Petition that in 2009, the United States District Court for the Southern District of New York sentenced Petitioner to 276 months imprisonment and issued a forfeiture judgment in the amount of $6,000,000.00, stemming from certain drug trafficking and weapons charges. (ECF No. 1, at 3); *McLean v. United States*, No. 08-CR-789, 2016 WL 3910664, at *2 (S.D.N.Y. July 13, 2016) (addressing three § 2255 petitions from this Petitioner and his co-conspirators). Petitioner filed the instant Petition to challenge *only* the forfeiture judgment against him. (ECF No. 1, at 1).

---

[1] Pursuant to Rule 4, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, a court must dismiss the petition and direct the Clerk of Court to notify the petitioner.

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

With those principles in mind, Petitioner contends that *Honeycutt v. United States*, 581 U.S. \_\_, 137 S. Ct. 1626 (2017), renders the forfeiture judgment against him invalid. In *Honeycutt*, the Supreme Court held that the Government cannot hold a defendant jointly and severally liable for a co-conspirator's criminal proceeds if the defendant did not personally acquire such property or otherwise benefit from those proceeds. *Id*. at 1632. Although the Petition offers no specific details, the Court infers that the forfeiture judgment at issue holds Petitioner jointly and severally liable for some part of his co-conspirators' individual profits, as the conspiracy involved "many hundreds of kilograms of cocaine" and multiple millions of dollars. *United States v. Sanchez*, 419 F. App'x 27, 33 (2d Cir. 2011) (addressing this Petitioner's forfeiture argument on appeal prior to *Honeycutt*).

Courts have held, however, that the rule in *Honeycutt* "does not apply retroactively to convictions that became final prior to its adoption." *E.g.*, *United States v. Potts*, No. 01-457-3, 2018 WL 5296376, at *2 (E.D. Pa. Oct. 25, 2018), *aff'd*, No. 18-3470, 2019 WL 1458799 (3d Cir. Apr. 2, 2019); *see also, e.g. United States v. Concepcion*, No. 15-15, 2019 WL 1760520, at *2 (D.N.J. Apr. 22, 2019). Consequently, the *Honeycutt* rule would not apply to Petitioner's 2009 forfeiture judgment, which became final many years before the Supreme Court decided *Honeycutt*

in 2017. *See McLean*, 2016 WL 3910664, at *3 (detailing the procedural history of this Petitioner's case, along with that of his co-conspirators, in the context of considering Petitioner's § 2255 petition).

Additionally, the instant Petition suffers from a more fundamental flaw. Petitioner filed this Petition under 28 U.S.C. § 2241, but proceedings under § 2241 may only challenge the validity of a person's "custody" or "particulars affecting its duration." 28 U.S.C. § 2241(c)(1) ("The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody under or by color of the authority of the United States"); *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Section 2241's custodial limitation precludes a petitioner from collaterally attacking a non-custodial aspect of their sentence, such as a forfeiture order, in a § 2241 petition. *E.g.*, *Concepcion*, 2019 WL 1760520, at *2; *Potts*, 2018 WL 5296376, at *2; *Lasher v. United States*, 2018 WL 3979596, at *9 (S.D.N.Y. Aug. 20, 2018); *see United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015) (holding that the "monetary component of a sentence" does not satisfy the "in custody" requirement of federal habeas statutes);

Stated differently, "Congress has not authorized a collateral attack on final forfeiture through either a motion to vacate under 28 U.S.C. § 2255 or a habeas corpus petition under 28 U.S.C. § 2241." *Potts*, 2018 WL 5296376, at *2 (quoting *United States v. Georgiou*, No. 09-88, 2018 U.S. Dist. LEXIS 102662, *12 (E.D. Pa. June 19, 2018)).

Accordingly, as § 2241 provides no authority to challenge Petitioner's forfeiture judgment, the Court will deny the Petition with prejudice. An appropriate order follows.

Dated: June 3 , 2019   s/Robert B. Kugler
                      ROBERT B. KUGLER
                      United States District Judge

3